Caldwell, J.
The only question presented in argument by complainants’ counsel is, whether the conveyance to Starr, in contemplation of the statute, is a mortgage, or whether it is (as they contend) a deed of trust, and effectual from its date, if recorded in six months.
Before proceeding, however, to examine this question, there is another ground on which, in the opinion of the court, the original bill (if there had been no other objection) must have been dismissed. The defendants are in possession of the land, claiming under a deed in fee simple from Robb, and a title, too, under which they have obtained possession by an action of ejectment. The complainants, being out of possession of the land, are seeking to obtain possession by a bill in chancery, claiming that they have a legal title to it, and tracing their title to the same original grantor, Robb. The bill of complainants rests on the ground that they have a right to possession of the land, by virtue of the deed from Starr. It is true that the bill represents the defendants as holding, by virtue of the mortgage from Robb to Scott, alleging that that mortgage has been canceled, and asking, that if it be still subsisting, the defendants may have a right to redeem. But the defendants claim nothing by virtue of that mortgage; they set up a deed in fee simple given by Robb to Scott, in consideration of the canceling of that mortgage. Although there have been conveyances to secure debts, on both sides, yet neither party presents any claim directly under such conveyances, nor is there any claim of subsisting indebtedness presented on either side, on which any account could be taken, or decree rendered. There is no evidence of any fraud, mistake, or accident, to relieve against which, the aid of a court of chancery could be sought. The complainant, not being in possession of *215 the land, cannot file a bill to quiet his title. It .is a simple case of two parties claiming under absolute conveyances, tracing their titles to the same grantor, and relying on both sides on the legal efficacy of their respective deeds. If the court were to decree in favor of complainants, it would have to be, by ousting the defendants, and putting the complainants into possession, which, under the circumstances of this case, we consider beyond the power of a court of chancery.
But was the deed to Starr a mortgage, as contemplated by our statute ? A majority of the court are of opinion that it was. The legislature, by the use of the general term, mortgage, no doubt meant to express what - has generally been understood by that term.
In Powell on Mortgages, pages 9 and 10, instruments precisely similar to the one under consideration, where the land is conveyed to a third person, or trustee, to secure the payment of money, with power to sell, in case of default of payment, are treated of. The author speaks of such mortgages as a modern invention, for the purpose of avoiding the delay, expense, and other inconveniences attending the foreclosure of mortgages in the usual form; but they are still referred to as coming under the character of mortgages. Chancellor Kent speaks of such instruments as mortgages. 4 Kent’s Com. 140. In 10 Ohio Reports 438, in the case of Perkins v. Dibble, the court decided that a deed, absolute on its face, with a writing in the form of a condition of defeasance indorsed on the back, which showed that the deed was given as collateral security for the payment of money, was in Jegal effect a mortgage. On referring to the indorsement on the back of the deed, the court say: “It shows the purpose for which the deed -was delivered, and that purpose was as collateral security for the payment of money. And every deed made for such purpose, is a mortgage.” And this we think is the great criterion by which it is to be determined whether a conveyance is a mortgage or not. If the *216 conveyance be made as collateral security for the payment of money, or performance of some other obligation, to be effectual only on the non-payment of the money or non-performance of the obligation, it is a mortgage, no matter to whom the conveyance be made, or what other conditions it may have attached to it. Now, the difference between a conveyance to a trustee, for the purpose of raising a fund to pay debts, and a conveyance for the purpose of securing a debt in case of the default of the debtor, by a time limited, is very apparent. In the first case the title is vested absolutely by the conveyance itself, in the. grantee, for the purpose of the trust. The intention of the grantor is to part absolutely with his title. In the latter case, if the grantor perform his legal obligation according to its terms, he retains his property. His title is as perfect as if such conveyance had never been made. The one is a deed of trust, the other a mortgage. The object of the legislature in making the distinction between a mortgage and other deeds and instruments of writing, for the conveyance of land, requiring the one to take effect only from the time it is recorded, and the others to take effect from date, if recorded in six months, will be easily perceived.
When a sale of property is made, that fact, ás a general thing, becomes at once notorious. All the neighborhood at once become acquainted with the fact.
In most cases a record is not necessary to give the world notice that the property has changed owners. Not so with mortgages. The mortgagor still retains possession of the property, and uses it as if no cpnveyance had ever been made. The mortgagee has no right, in the first instance, in any way to meddle with the ordinary use of the property, the mortgagor does not feel that he has parted with it, nor does he perhaps ever expect to. Hence mortgages are put on property and taken off without the fact being at all noted in community. If' the same length of time were given for the record of conveyances, as mere securities for debt, *217 that may with comparative safety be given when the title to the property passes, in the first instance, numerous frauds would no doubt be perpetrated, by persons mortgaging property, by a succession of conveyances, for more than it is worth. We have a statute making it a penitentiary offense for any person to sell real estate for which he has no title, either in law or equity, which would apply to any person who might make two successive sales of the same property. No such law could ever be passed in reference to conveyances for the mere purpose of security. The distinction which the legislature have made between the record of mortgages and other deeds, is a necessary and beneficial one; and the policy can only be seen by drawing the distinction between such conveyances as are intended absolutely to pass the title, and such as are intended .merely as conditional securities for the performance of some obligation. The deed now in question contained all the substantial qualities of a mortgage, and nothing more. It was a mere security for a debt, to be void if the debt were paid. The fact that the conveyance was made to a person other than the creditor, and that it contained a power to sell, does not alter its character in this particular. The legislature would have done a vain thing in requiring mortgages to take effect from record, if such a change in form could withdraw them from the provisions of the statute. We think this deed to Starr comes both within the letter and the spirit of the statutory definition of a mortgage, and that it could only take effect from the time it was recorded. Before the time of the record of this deed, the property had been conveyed to Scott (under whom the defendants claim), for a valuable consideration. All the rights of complainants commencing with this deed, and arising under it, their title will be ineffectual as against Scott and those claiming under him.

The demurrer will be sustained.